(C. D. 378)

AMERICAN EXPRESS CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 8, 1940)

*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: These protests are against the action of the collector in assessing duty on certain merchandise as manufactures of paper not specially provided for, at the rate of 35 per centum ad valorem, under paragraph 1413 of the Tariff Act of 1930. The plaintiff claims the same to be classifiable and dutiable under paragraph 1551 of said act, as parts of photographic cameras, not specially provided for, at 20 per centum ad valorem.

Upon the issue presented plaintiff called as a witness L. C. Bowen, United States examiner of merchandise at the port of New York since 1936. He stated that he testified in the case of *American Express Co.* v. *United States*, 2 Cust. Ct. 159 (C. D. 114), and that the paper

film separators in the present instance are similar to those in that case, in which plaintiff's witness, Hamilton C. Eastman, described the use of the said paper represented therein as Collective Illustrative Exhibit B, as follows:

* * * in order to take a picture with a camera using film packs or plates, it was necessary to use a metal container like Collective Illustrative Exhibit A; that strips of paper similar to Collective Illustrative Exhibit B are used in the metal container of the film pack with the actual pieces of film; that when the strips of paper are inside the film pack they are folded so that only the tab is on the outside of the metal container; that after the picture is taken the tab is pulled out half way and the other half is torn off and discarded leaving the inner half of the strip still inside of the pack with the film attached to it; that the said operation brings another film into position in the camera; and that there is no other use to which the strips of paper similar to Collective Illustrative Exhibit A can be employed.

The said paper, as well as the metal frames or containers also the subject of that decision, were held dutiable as parts of photographic cameras under said paragraph 1551 of the act of 1930, as claimed.

In the present case the witness Bowen stated under cross-examination that the paper in question is not sensitized; that it is black paper; that it is placed between the sensitized film; that when one exposure is made then one of the tabs or one part of the paper is torn off, leaving the remainder of the paper as a protection for the exposed film; that the paper is not sensitized paper at all; that it is a protection for the film, and is part of the film pack.

The witness testified further as follows:

By Judge Dallinger. Just a minute. I would like to ask a question, Mr. Bowen, if you take pictures with this film pack, by this method, you cannot operate it without that paper?

Ans. It is protection to the film.

Q. It would not be possible, if you did not have this paper in between the film, to take successive pictures, as you explained?

Ans. Then your pictures would be superimposed on each other.

Q. It would not give a clear result?

Mr. Weil. We will concede that. I think perhaps the record in the previous case will be moved in, which will disclose that, and we will not oppose it.

Counsel for plaintiff thereupon moved for the incorporation herein of the record in *American Express Co.* case, C. D. 114, cited *supra*, which was granted, it appearing that the paper film separators in that case are the same as in the present.

An even earlier case on a similar issue is that of *American Express Co.* v. *United States*, decided by this court as T. D. 49321 (73 Treas. Dec. 19). The merchandise there involved was simply the metal frames for film packs, which were held dutiable under said paragraph 1551 of said act of 1930 as parts of photographic cameras.

The contention of the Government in the second *American Express Co.* case, C. D. 114, *supra*, was that the merchandise therein could

not be considered as parts of cameras, for the reason that in order to be a part of something an article must be an indispensable part, citing *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. 322, T. D. 46851. The court nevertheless held that the metal frames and the paper film separators or film protectors in the form as imported were essential parts of photographic cameras, and as such were properly dutiable under said paragraph 1551, on authority of *Steel, Inc.* v. *United States*, 24 C. C. P. A. 423, T. D. 48872.

The two *American Express Co.* cases, *supra*, are undoubtedly controlling in the present instance. Counsel for the Government now however wants to make the point that, if a film pack is part of a camera, the most that can be said of the imported merchandise is that it is a part of a part of a photographic camera. We think a careful reading of the two cited *American Express Co.* cases will show that it was fully established by the testimony and recognized by the court that the metal frames and the paper film separators, which were the subject thereof, were parts of film packs, although held dutiable as parts of photographic cameras. The point now made by counsel for the Government must therefore be considered as already passed on by this court.

The fact that the paper separators are part of film packs, which in turn are parts of cameras, does not in itself exclude the paper separators from also being considered parts of cameras not specially provided for, it being shown that the paper separators are essential parts of cameras, which could not be successfully operated without them, and that the said separators in their imported form and condition could not be used for any other purpose than as above indicated.

On authority of the decision cited, *supra*, we hold the merchandise herein to be parts of photographic cameras, not specially provided for, dutiable as such under said paragraph 1551 of the act of 1930, as claimed by plaintiff.

Judgment will be rendered accordingly.